# VERMILLION v. PHILADELPHIA, BALTIMORE, & WASHINGTON RAILROAD COMPANY.

EQUITY; JURISDICTION; ACCOUNTING; TRUST FUND; RAILROAD RELIEF DEPARTMENT; APPEAL AND ERROR; REHEARING; DISCOVERY.

1. Equity has jurisdiction of a suit by a discharged railroad employee to compel the railroad company to account for and pay over to him contributions made by him to a relief department, the amount of which is known only to the company, where, under the regulations of the department, the company has general charge of the department, guarantees the fulfilment of its obligations, and holds the funds in trust for the department,—even though process at law for the examination of the company's books would fully disclose the amount due the employee.

### On Application for a Rehearing.

2. The right of a member of a railroad relief department to the return of the amount deducted from his monthly wages during the time of his membership, upon his leaving the service of the railroad, is not forfeited by a regulation of the relief department, reading as follows: "No contribution shall be deducted from the final payment of wages to a member leaving the service, excepting for contributions in arrears * * * there shall be returned to him so much of his last

contribution as covers the part of the month succeeding and including the date on which he leaves the service;" since such regulation is too ambiguous to warrant such a construction.

3. A regulation of a railroad relief department, providing that the responsibility of the relief department, to any member, and his membership, shall end when he ceases to be employed by the company, voluntarily or otherwise, excepting as to rights and obligations as to such return of contributions as the member may be entitled to, creates a liability to return to a member who leaves the service of the railroad for any cause, his contributions, after deducting such sums as may have been paid him during his service for any other purposes contained in the relief contract.

4. An opinion of this court reversing the dismissal on a motion to dismiss of a bill in equity by a discharged employee to compel a railroad to account for his contributions to its relief department, and remanding the cause with direction "to ascertain the balance due the plaintiff, and to enter a decree therefor," does not clearly define how such balance may be ascertained, and does not permit an answer by the defendant, and will therefore be amended, on a motion for a rehearing, by striking therefrom the part quoted, and providing that the defendant may file an answer setting up such defenses as it may have in fact, but shall also discover the amount of the contributions made by the plaintiff, as well as what credits the defendant may be en-· titled to.

5. The error in an opinion of this court in directing the court below, on reversal, to ascertain the balance due the plaintiff and to render a decree therefor, without clearly defining how such balance may be ascertained, may be corrected on a motion for a rehearing, by amending the opinion and decree, without granting the motion.

No. 2693. Submitted November 5, 1914. Decided December 7, 1914. Petition for rehearing submitted December 21, 1914. Decided January 4, 1915.

HEARING on an appeal by the plaintiff from a decree of the Supreme Court of the District of Columbia dismissing his bill filed to recover contributions paid by him to the relief department of the defendant railroad.     *Reversed.*

The COURT in the opinion stated the facts as follows:

The bill was filed January 26, 1914, by George W. Vermil-

lion, appellant, alleging that on or about the 1st day of October, 1893, he entered the employment of the Philadelphia, Wilmington, & Baltimore Railroad Company, and by virtue of said employment became a member of the Pennsylvania Railroad Voluntary Relief Department, which said department is a relief and insurance association operated by the defendant the Pennsylvania Railroad Company for the benefit of the employees of the said company and certain other railroad companies, as will more fully appear by reference to a certain book and certificate of membership in said relief department, duly issued to plaintiff, which is filed herewith and marked Exhibit A.

This exhibit, made a part of the bill, is a pamphlet containing the original agreement for the organization of the relief department of the Pennsylvania Railroad Company and associated companies, made between the Pennsylvania Railroad Company and certain other associated companies operated by the Pennsylvania Railroad Company, including the Philadelphia, Wilmington, & Baltimore Railroad Company. It provides for the organization of a relief department as a department of the Pennsylvania Railroad Company's service in the executive charge of a superintendent, whose directions in carrying out its regulations are to be complied with, subject to the control of the general manager of the Pennsylvania Railroad Company.

The object of the department is the establishment and management of a fund to be known as "the relief fund," for the payment of definite amounts to employees contributing to the fund, who, under the regulations, shall be entitled thereto. The Pennsylvania Railroad Company will take general charge of the department, guarantying the fulfilment of the obligations assumed by it in conformity with the regulations from time to time established; take charge of the funds, and be responsible for their safe-keeping; supply the necessary facilities for conducting the business of the department, and pay all the operating expenses thereof.

It provides for membership of all employees of the Pennsylvania Railroad Company and associated companies. No em-

ployee will be required to become a member of the relief fund. Anyone not over forty-five years of age may become a member in the class which his pay entitles him to enter, or any lower class, upon passing a satisfactory physical examination. The fees of membership are made up by contributions of certain monthly sums in proportion to the wages received. Numerous provisions are made for the classification of members and sick reliefs, and also for the life insurance, to be paid to designated beneficiaries.

Regulation 10 provides that the moneys received for the relief fund shall be held by the Pennsylvania Railroad Company in trust for the relief department. The company being the trustee and guarantor of the funds, investments shall be in such securities as shall be approved by the board of directors, and shall be in the name of the company in trust for the relief department.

Regulation 62 provides as follows: "The responsibility of the relief department to any member, and his membership, shall end when he ceases to be employed by the company, voluntarily or otherwise, excepting as to rights and obligations on account of disability from accident or sickness occurring and reported while in the service and death directly due to such accident or sickness occurring during the disability arising therefrom; and as to such return of contribution as the member may be entitled to, and as to superannuation allowance and the conditions relating thereto."

The bill further alleges that after said agreement was made, the Philadelphia, Wilmington, & Baltimore Railroad Company was taken over by its successor, the Philadelphia, Baltimore, & Washington Railroad Company, and by virtue thereof the plaintiff became an employee of the said Philadelphia, Baltimore, & Washington Railroad Company, and his membership in the Pennsylvania Railroad Company relief department was adopted and continued as an employee of the said company. That his said employer was given power and authority to deduct from his salary such dues as he was compelled to pay in the said relief department, and has paid over the same to the Pennsylvania

Railroad Company; and that by virtue of said payments this plaintiff became and was entitled to all the benefits as a member of said department, and was entitled to said benefits as set forth in said Exhibit A, so long as he remained an employee of the said Philadelphia, Baltimore, & Washington Railroad Company.

That from the 1st day of October, 1893, when plaintiff entered the employment of the Philadelphia, Wilmington, & Baltimore Railroad Company, up to and including the 31st day of October, 1913, he always and at all times rendered to the said company and its aforesaid successor and employer good, faithful, honest, and efficient service in all the duties required of him.

That by reason of his aforesaid employment and membership in said relief department, and in accordance with the terms and conditions set forth in said Exhibit A, he has faithfully and fully complied with all the conditions therein set out and has paid in to the Pennsylvania Railroad Voluntary Relief Department the sum of about $927.50 as dues in the said department under the rules and regulations aforesaid.

That by reason of his said employment and his said membership it was the duty of the said Pennsylvania Railroad Company, in the conduct of its said relief department, to account for and turn over to this plaintiff all moneys paid in to the said relief department, by or for the plaintiff, except that he be dismissed from the employment of the Philadelphia, Baltimore & Washington Railroad Company for just and reasonable cause, or upon his resignation from the service of the said company.

Plaintiff further says, notwithstanding that he has always rendered to his employer good, faithful, and honest service, and had given them no cause whatsoever to dismiss or suspend him from the service, his said employer, the Philadelphia, Baltimore & Washington Railroad Company, without cause whatsoever, on or about the 31st day of October, 1913, or shortly thereafter, dismissed this plaintiff from its employment; whereupon he demanded of the Pennsylvania Railroad

Company that it account to him for all moneys which he had paid into the said relief department by virtue of his membership therein, but that the said company and the said relief department have refused so to do. He further says that the payments made in to said department having been deducted out of his salary, as aforesaid mentioned, he cannot state the exact amount which he has paid into the said relief department and which was deducted out of his salary by the Philadelphia, Baltimore, & Washington Railroad Company and its predecessor, and that the intervention of a court of equity is necessary to determine and state the account between this plaintiff and the defendants. He further says that by reason of the unlawful, unjust, and unwarranted dismissal of his services, he is entitled in equity to have an account of the moneys paid by him in to said relief department and deducted from his salary by the said Philadelphia, Baltimore, & Washington Railroad Company, and have the same turned over to the plaintiff by decree of the court.

The prayers are: That the said defendants be by decree of this court directed to account to this plaintiff for all moneys by him paid to the said Pennsylvania Railroad Voluntary Relief Department.

That the said defendants be directed to discover unto the plaintiff the exact amount of money and the times and dates of payment thereof, made by him, either directly or through the defendants or by either of them, in to the said Pennsylvania Railroad Voluntary Relief Department.

That defendants be directed and compelled to pay over to the plaintiff any and all sums of money, with interest thereon at the rate of 6 per cent per annum, which have been paid by him in any manner for the use of the said relief department.

That he may have judgment as at law against the said defendants or either of them as the court may, after taking and stating his account with the defendants, deem proper for all money paid by him or received and collected from him by the said defendants, as set forth in his bill of complaint.

And a prayer for general relief.

The defendants moved to dismiss the bill on the following grounds:

Said bill does not state a cause of action either at law or in equity.

If the plaintiff has a cause of action, he has a full, adequate, and complete remedy at law.

If the plaintiff is entitled to the discovery and accounting prayed for in the bill, he may obtain such relief in an action at law.

The only other relief sought, as indicated by the prayers of said bill, is to recover money alleged to be due by the defendant to the plaintiff, for which the plaintiff has a full, adequate, and complete remedy at law.

The court sustained the motion March 10, 1914, and dismissed the bill without prejudice to the right of the plaintiff to proceed at law.

From this decree plaintiff has appealed.

*Mr. William J. Neale* and *Mr. James N. England* for the appellant.

*Mr. Frederick D. McKenney, Mr. John S. Flannery, Mr. William Hitz,* and *Mr. G. Bowdoin Craighill* for the appellees.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

We are of opinion that the court of equity had jurisdiction of this complaint. The relief department of the Pennsylvania Railroad Company was organized as a department of that company for the relief of its employees and those of the associated companies. By sec. 5 of the regulations, the Pennsylvania Railroad Company had general charge of the department and guaranteed the fulfilment of the obligations assumed by it. It took charge of the funds and was responsible for their safe-keeping; supplied the necessary facilities for conducting the business of the department, and paid all the operating expenses thereof.

Section 10 provided that the moneys received for the relief fund should be held by the company in trust for the relief department, and also that the company, being the trustee and guarantor of the fund, the investments shall be in such securities as shall be approved by the board of directors, and shall be in the name of the company in trust for the relief department.

Section 62 provides that the responsibility of the relief department to any member and his membership shall end when he ceases to be employed by the company, voluntarily or otherwise, excepting, among other things, as to such return of contribution as the member may be entitled to.

The plaintiff was dismissed by the company, but was, notwithstanding, under the aforesaid section, entitled to the return of his contributions.

These contributions had passed into the trust fund and were held by the Pennsylvania Railroad Company as trustee. The amount of his contributions and the sum to which he is to be entitled is known only to the trustee, and he is entitled to have a discovery from the trustee of the balance.

Equity alone can grant this relief. It is a question whether the process of law for an examination of the defendant's books would fully disclose the amount due the plaintiff; but whether so or not, the Pennsylvania Railroad Company is the trustee holding said funds for the benefit of members who are equitably entitled to the return of any balance due them on their contributions, and as such trustee may be held to account for the same.

The decree is reversed, with costs, and the cause remanded with direction to ascertain the balance due the plaintiff, and to enter a decree therefor.                    *Reversed.*

A motion by the appellees for rehearing was denied January 4, 1915, Mr. Chief Justice SHEPARD delivering the opinion of the Court:

The appellees, Pennsylvania Railroad Company, have moved

for a rehearing in this case.  They call attention to section
40 of the regulations of the relief department, which reads as
follows:

"No contribution shall be deducted from the final payment
of wages to a member leaving the service, excepting for con-
tributions in arrears.    When a member leaves the service who
is not at the time suffering from disability which entitles him
to benefits, there shall be returned to him so much of his last
contribution as covers the part of the month succeeding and in-
cluding the date on which he leaves the service, for which he
must give a receipt.

"Should a member, who is disabled and entitled to benefits
when leaving the service, recover from the disability in the
same month, he shall not be entitled to benefits for a subsequent
disability or death, and shall be entitled to the return of so
much of his contribution as covers time subsequent to such
recovery."

This section is relied on as forfeiting the right to a demand
for the return of the amount deducted from the monthly wages
of a member upon his retirement from the service under any
circumstances.

We do not regard this as a forfeiture of the amount deduct-
ed from a member's wages during the time of his membership.
It is too ambiguous to warrant such a construction.

We think it apparent that section 62, quoted in the former
opinion, governs the responsibility of the trustee of the relief
department, and creates a liability to return such contributions
as may have been made by a member who leaves the service
of the railway company for any cause.    This return is to be
made after deducting such sums as may have been paid to the
member during his service for any other purposes contained
in the relief contract.

The appellee is correct in his contention that the opinion
heretofore rendered does not clearly define how this sum may
be ascertained, and does not permit an answer by the defend-
ants.    We agree that the opinion delivered should be amended,
striking therefrom the portion which, after reversing the de-

cree with costs, directs the court below to ascertain the balance due and to render a decree therefor.

It is not necessary to grant a motion for rehearing, as this error may be corrected by amending the opinion and decree.

The defendants may file an answer setting up such defenses as they may have in fact, but shall also discover the amount of the contributions made by plaintiff as well as what credits the defendants may be entitled to.

The cause will be remanded for further proceedings not inconsistent with this opinion.

The motion for rehearing is denied.                     *Denied.*